IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL NO. 15-____ |
|---|---|---|
| v. | : | DATE FILED: |
| | : | |
| BENJAMIN FREEDLAND | : | VIOLATIONS: |
| | | 21 U.S.C. § 846 (conspiracy to distribute 100 |
| | : | kilograms or more of marijuana - 1 count) |
| | | 18 U.S.C § 924(c) (possession of a firearm in |
| | : | furtherance of a drug trafficking crime - 1 |
| | | count) |
| | : | 18 U.S.C. § 2 (aiding and abetting) |
| | | Notice of forfeiture |

## INFORMATION

### COUNT ONE

**THE UNITED STATES ATTORNEY CHARGES THAT:**

1.      From in or about February 2011 through in or about December 2012, in Philadelphia, in the Eastern District of Pennsylvania, and elsewhere, defendant

**BENJAMIN FREEDLAND**

conspired and agreed with Person # 1, Person # 2, Person # 3, and Person # 4, all known to the United States Attorney, and others known and unknown to the United States Attorney, including Jared Richardson, Michael Grimes, and Omar Baker-Gary, all charged elsewhere, to knowingly and intentionally distribute 100 kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B).

1

## MANNER AND MEANS

It was part of the conspiracy that:

2. Defendant BENJAMIN FREEDLAND, Person # 1, Person # 2, Person # 3, Person # 4, Jared Richardson, Michael Grimes, Omar Baker-Gary, and others known and unknown to the United States Attorney, were involved with the transportation of hundreds of pounds of marijuana from California to Philadelphia, Pennsylvania for distribution in the Eastern District of Pennsylvania.

3. Person # 1, Person # 2, Jared Richardson, Michael Grimes, and others known and unknown to the United States Attorney, used various methods to transport the controlled substances from California to the greater Philadelphia area, including: (1) soliciting and directing others known and unknown to the United States Attorney, to fly on domestic airlines from California to Philadelphia, Pennsylvania with checked luggage containing bulk quantities of marijuana and cocaine; (2) using container freight services; and (3) using the mail, including U.S. Postal Service and Federal Express.

4. Person # 1, Person # 2, Jared Richardson, Michael Grimes and Omar Baker-Gary paid hundreds of thousands of dollars to defendant BENJAMIN FREEDLAND and other cocaine and marijuana sources of supply, to purchase marijuana and cocaine in California to be transported to the Eastern District of Pennsylvania for distribution.

5. Person # 3 allowed Person # 3's residences in Long Beach, California to be used for Person # 1, Person # 2, Jared Richardson, Michael Grimes and others known and unknown to the United States Attorney to wrap the bulk marijuana and cocaine for transportation to the Eastern District of Pennsylvania.

2

6. Person # 1, Person # 2, Jared Richardson, Michael Grimes, Omar Baker-Gary, and others known and unknown to the United States Attorney made arrangements for controlled substances to be picked up at the Philadelphia International Airport baggage claim if sent via commercial airline, at the various freight locations in the greater Philadelphia area if sent via freight shipping containers, and at various locations in the greater Philadelphia area if sent via mail.

7. Person # 1, Person # 2, Jared Richardson, Michael Grimes, Omar Baker-Gary, and others known and unknown to the United States Attorney would take the narcotics to various stash houses in the greater Philadelphia area where the narcotics would be repackaged and distributed to customers.

## OVERT ACTS

In furtherance of the conspiracy and to accomplish its object, defendant BENJAMIN FREEDLAND, Person # 1, Person # 2, Person # 3, and Person # 4, known to the United States Attorney, and Jared Richardson, Michael Grimes, and Omar Baker-Gary, all charged elsewhere, and others known and unknown to the United States Attorney, committed the following overt acts, among others, in the Eastern District of Pennsylvania and elsewhere:

In or about February 2011:

1. Person # 1 and Person # 2 directed Person # 3 to find a California supplier of high quality marijuana for Person # 1 and Person # 2 to purchase multiple pounds of marijuana from and transport back to the greater Philadelphia area for distribution.

2. Person # 3 arranged for defendant BENJAMIN FREEDLAND to come to Person # 3's residence in Long Beach, California and meet with Person # 1 and Person # 2's

3

associate Michael Grimes.

3. While at Person # 3's residence, defendant BENJAMIN FREEDLAND discussed his prices for high quality marijuana with Michael Grimes, and with Person # 1 who participated on a cellphone.

4. Defendant BENJAMIN FREEDLAND sold Person # 1 and Michael Grimes approximately nine pounds of high quality marijuana to be transported to the greater Philadelphia area for distribution.

5. Following this marijuana transaction with Person # 1 and Michael Grimes, defendant BENJAMIN FREEDLAND realized he had not been paid the correct amount, and defendant FREEDLAND threatened Person # 3 in order to get the money owed from Person # 1 and Michael Grimes.

6. After still not being paid the amount owed, defendant BENJAMIN FREEDLAND destroyed Person # 2's silver Mercedes station wagon while it was parked on a street outside of Person # 3's residence in Long Beach, California.

7. After Person # 1 learned of the destruction of the Person # 2's Mercedes station wagon, Person # 1 contacted defendant BENJAMIN FREEDLAND to discuss the situation.

8. Person # 1 agreed to pay defendant BENJAMIN FREEDLAND the money owed, and defendant FREEDLAND agreed to continue to sell high quality marijuana to Person # 1 and others known and unknown to the United States Attorney to be transported to the greater Philadelphia area for distribution.

9. Subsequently, defendant BENJAMIN FREEDLAND flew to Philadelphia

in order to meet Person # 1 and others known and unknown to the United States Attorney in order to solidify their continuing marijuana business.

10. Throughout the Spring 2011, defendant BENJAMIN FREEDLAND and Person # 1 contacted each other on their cellphones as well as on social media, in order to facilitate their marijuana business.

11. Throughout the Spring 2011, defendant BENJAMIN FREEDLAND conducted multiple transactions of pounds of high quality marijuana with Person #1 and others known and unknown to the United States Attorney to be transported back to the greater Philadelphia area.

12. Prior to May 18, 2011, defendant BENJAMIN FREEDLAND sold at least four pounds of high quality marijuana to Person # 1 and others known and unknown to the United States Attorney, which was transported back to Philadelphia, and stored in Person # 1 and Person # 2's residence in Upper Darby, Pennsylvania.

13. After May 18, 2011, defendant BENJAMIN FREEDLAND continued to conduct multiple transactions of pounds of high quality marijuana with Person # 1's associate, Jared Richardson, and others known and unknown to the United States Attorney, to be transported back to the greater Philadelphia area.

In or about Spring 2012:

14. Throughout the Spring 2012, defendant BENJAMIN FREEDLAND conducted multiple transactions of pounds of high-quality marijuana with Person # 1, Jared Richardson and Omar Baker-Gary, and others known and unknown to the United States Attorney, to be transported back to the greater Philadelphia area.

15. Defendant BENJAMIN FREEDLAND introduced Person # 1, Jared Richardson, Michael Grimes, Omar Baker-Gary, and others known and unknown to the United States Attorney, to the concept of using ABF shipping containers (known as "PODS") in order to transport narcotics from California to the Eastern District of Pennsylvania.

16. Between in and about March 2012 through in or about the summer 2012, defendant BENJAMIN FREEDLAND conducted multiple transactions for approximately thirty pounds of high quality marijuana with Person # 1, Jared Richardson, Michael Grimes, Omar Baker-Gary and others known and unknown to the United States Attorney, to be transported back to the Eastern District of Pennsylvania using ABF shipping containers.

On or about June 22, 2012:

17. Defendant BENJAMIN FREEDLAND, Jared Richardson, Michael Grimes and Person # 4 agreed to set up one of defendant FREEDLAND's marijuana suppliers (referred to herein as Person # 5) to be robbed at gun point by Richardson, Grimes and Person # 4.

18. Pursuant to their plan, defendant BENJAMIN FREEDLAND asked Person # 5 to bring approximately thirty pounds of high quality marijuana to a location in North Hollywood, California, where defendant FREEDLAND met Person # 5 to pretend to conduct the transaction.

19. Defendant BENJAMIN FREEDLAND met with Person # 5 and his associates in Person # 5's car.

20. While defendant BENJAMIN FREEDLAND pretended to exchange U.S. currency with Person # 5 in exchange for the approximately thirty pounds of high quality marijuana; Jared Richardson, Michael Grimes and Person # 4 ran up to Person # 5's vehicle and

6

pointed a firearm at Person # 5 and his associates.

21. Following the armed robbery, defendant BENJAMIN FREEDLAND, Jared Richardson, Michael Grimes, and Person # 4 intended to transport the approximately thirty pounds of high quality marijuana to the greater Philadelphia area to be distributed and then divide the profit among each other.

22. In or about the summer 2012, defendant BENJAMIN FREEDLAND took Jared Richardson and Michael Grimes to Humbolt County, California in order to purchase pounds of high quality marijuana from a grower to then be transported back to the greater Philadelphia area.

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

1. Paragraphs 2 through 7 of the Manner and Means and paragraphs 17 through 21 of the overt acts of Count One are incorporated here.

2. On or about June 22, 2012, in North Hollywood, California, and elsewhere, defendant

**BENJAMIN FREEDLAND**

together with Jared Richardson, Michael Grimes and Person # 4, known to the United States Attorney, knowingly possessed, and aided and abetted the possession of, a firearm, that is, a handgun, in furtherance of a drug trafficking crime for which he may be prosecuted in a Court of the United States, that is, conspiracy to distribute a controlled substance, and brandished, and aided and abetted the brandishing of, that firearm.

In violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2.

## NOTICE OF FORFEITURE

THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:

1. As a result of the violations of Title 21, United States Code, Section 841(a)(1), set forth in this information, defendant

**BENJAMIN FREEDLAND**

shall forfeit to the United States of America:

    (a) Any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violations,

    (b) Any property constituting, or derived from, proceeds obtained directly or indirectly from the commission of such offense,

2. If any of the property described above as being subject to forfeiture, as a result of any act of omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with a third person;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

All pursuant to Title 21, United States Code, Section 853.

_Christine Sykes for_

ZANE DAVID MEMEGER
UNITED STATES ATTORNEY